# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16cv161

| | |
|---|---|
| LISA ARNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| NANCY A. BERRYHILL, Acting ) | **RECOMMENDATION** |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for supplemental security income. This case is now before the Court on the parties' Motions for Summary Judgment. Upon a review of the record, the parties' briefs, and the relevant legal authority, the Court **RECOMMENDS** that the District Court **DENY** the Motion for Summary Judgment [# 11] and **GRANT** the Motion for Summary Judgement [# 9].

## I.  Procedural History

Plaintiff filed an application for supplemental security income on August 13, 2012. (Transcript of Administrative Record ("T.") 179-89.) The application had a protective filing date of August 2, 2012. (T. 21, 73.) Plaintiff alleged an onset
-1-

date of June 1, 2000. (T. 179.) The Social Security Administration denied Plaintiff's claim. (T. 109-12.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 120-29.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 39-72.) The ALJ then issued a decision finding that Plaintiff has not been under a disability since the date the application was filed. (T. 33.) Plaintiff requested review of the ALJ's decision. (T. 15-16.) The Appeals Council denied Plaintiff's request for review. (T. 6-8.) Plaintiff then brought this action seeking review of the Commissioner's decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits his ability to perform basic work-related

functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520.

At the first two steps, the burden is on the claimant to make the requisite showing. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled and the process comes to an end. Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015). The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's residual functional capacity ("RFC"). Mascio, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether claimant can perform his or her past relevant work. Id. The burden is on the claimant to demonstrate that he or she is unable to perform past work. Monroe, 826 F.3d at 180. If the ALJ determines that

a claimant is not cable of performing past work, then the ALJ proceeds to step five. Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work. Id. The burden rest with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience. Id.; Monroe, 826 F.3d at 180. Typically, the Commissioner satisfies her burden at step five through the use of the testimony of a vocational expert, who offers testimony in response to a hypothetical from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the ALJ will find that a claimant is not disabled and deny the application for disability benefits. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

### III. The ALJ's Decision

In her January 15, 2015, decision the ALJ found that Plaintiff was not disabled under Section 1614(a)(3)(A) of the Social Security Act. (T. 33.) The ALJ made the following specific findings:

(1) The claimant has not engaged in substantial gainful activity since August 2, 2012, the application date (20 CFR 416.971 *et*

-4-

Case 1:16-cv-00161-MOC-DLH   Document 13   Filed 04/04/17   Page 4 of 14

*seq.*).

(2) The claimant has the following severe impairments: morbid obesity, edema, arthritis, affective disorder, anxiety disorder, alcohol and cannabis dependence, and mild degenerative joint disease of the right hip (20 CFR 416.920(c)).

(3) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

(4) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a range of work between sedentary and light levels as defined in 20 CFR 416.967 (a) and (b). She can stand and walk for 2 hours and sit for 6 hours in an 8-hour workday. She can occasionally climb ramps or stairs but never ladders, ropes or scaffolds. The claimant can occasionally stoop, kneel, crouch and crawl. The claimant is able to occasionally push or pull with the right lower extremity. She can frequently finger bilaterally. The claimant must avoid concentrated exposure to vibration and hazards such as heights and moving machinery. She can understand, remember and carry out simple instructions in an environment free of fast-paced production requirements involving only simple work-related decisions with few workplace changes. She can occasionally interact with supervisors, coworkers and the public.

(5) The claimant has no past relevant work (20 CFR 416.965).

(6) The claimant was born on April 29, 1965 and was 47 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

(7) The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

(8) Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

(9) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969, and 416.969(a)).

(10) The claimant has not been under a disability, as defined in the Social Security Act, since August 2, 2012, the date the application was filed (20 CFR 416.920(g)).

(T. 23-33.)

**IV. Standard of Review**

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh

conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached her decision based on the correct application of the law. Id.

## V. Analysis[1]

The burden rest with the Commissioner at step five of the sequential process to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. The Commissioner can meet her burden at step five by referencing the Medical-Vocational Guidelines ("the Grids"). 20 C.F.R. § 404, Subpt. P, App. 2; Aistrop v. Barnhart, 36 F. App'x 145, 146 (4th Cir. 2002) (unpublished); Brooks v. Colvin, 200 F. Supp. 3d 618, 621-22 (W.D.N.C. 2017) (Reidinger, J.). The Grids contain four age categories: (1) younger individual (18-49); (2) individual approaching advanced age (50-54); advanced age (55 and over); and (4) close to retirement (60-64). 20 C.F.R. §

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

404.1563; 20 C.F.R. § 416.963; see also Picket v. Astrue, 895 F. Supp. 2d 720, 724 (E.D. Va. 2002). "An ALJ must consider a claimant's age category from the alleged disability onset date until the date the ALJ announced his decision." Brown v. Colvin, Civil Action No. 3:13-CV-00393-FDW, 2014 WL 1658751, at *3 (W.D.N.C. Apr. 25, 2014) (Whitney, C.J.) (unpublished); see also 20 C.F.R. § 416.963(b). In situations where the claimant's age is on the borderline of the higher age category the Commissioner does not apply the age categories mechanically and may apply the higher category. 20 C.F.R. § 416.963; Picket, 895 F. Supp. 2d at 724; Brown, 2014 WL 165875, at *3. As the regulations explain:

> If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

20 C.F.R. § 416.963. Thus, in borderline age situations, the ALJ must decide whether to apply the higher age category or the claimant's actual age. 20 C.F.R. § 416.963; Picket, 895 F. Supp. 2d at 724; Brown, 2014 WL 165875, at *3; Mitchell v. Astrue, No. 3:19-cv-544-RJC-DSC, 2011 WL 5037134, at *2 (W.D.N.C. Oct. 24, 2011) (Conrad, J.).

The ALJ in this case stated Plaintiff's birthday in the decision and noted that she was 47 years old when she filed the application. (T. 32.) In addition, the ALJ

-8-

Case 1:16-cv-00161-MOC-DLH   Document 13   Filed 04/04/17   Page 8 of 14

stated that 47 years old is defined as a younger individual age 18-49. (Id.) The ALJ, however, did not render her decision until January 14, 2015, when Plaintiff was approximately three months from turning 50. (T. 32-33.) Accordingly, Plaintiff was on the borderline of the age categories between a younger individual and an individual approaching advanced age. See Picket, 895 F. Supp. 2d at 724 (holding that an individual three months and twenty four days from an older age category is of a borderline age); Brown, 2014 WL165875, at *4 (holding that an individual five months and nine days from an older age category is of borderline age); Campbell v. Colvin, 1:15-CV-165, 2015 WL 8484457, at *3 (M.D.N.C. Dec. 9, 2015) (holding that an individual slightly less than six months from an older age category is of borderline age).[2] Because Plaintiff was on the borderline between the young individual and the individual approaching advanced age categories, the ALJ was required to consider whether she should use the older age category in making a determination as to Plaintiff's case. 20 C.F.R. § 416.963. As the Commissioner acknowledges, a finding of disability would be directed if the grid for the higher age category was applied to Plaintiff. The ALJ's decision, however, is devoid of any discussion as to claimant's borderline age or any explanation as to how the ALJ reached the particular age category determination in this case.

---

2  The Court notes that the Commissioner does not dispute that Plaintiff was of a borderline age or that the ALJ was required to consider Plaintiff's borderline age.

There is a split of authority as to the extent to which an ALJ must acknowledge a borderline age category and explain in the decision how he or she reached the determination to apply the particular category. See Phillips v. Astrue, 671 F.3d 699 (8th Cir. 20102) (summarizing the decisions of the various Circuits and holding that the ALJ must provide some explanation of the borderline age category to allow the courts to review whether substantial evidence supports the Commissioner's decision); Ash v. Colvin, Civil Action No. 2:13-CV-47, 2014 WL 1806771, at * 8 (N.D. W. Va. May 7, 2014) (adopting Report and Recommendation) (summarizing circuit split). Although the Fourth Circuit has not addressed the issue, courts in this District and the Fourth Circuit have regularly found that an ALJ must indicate that he or she considered a claimant's borderline age so that this Court can conduct meaningful review. See, e.g., Pickett, 895 F. Supp. 2d at 724-725 (collecting cases); Brown, 2014 WL165875, at *3-4; Mitchell, 2011 WL 5037134, at * 2-3; Tanner v. Colvin, No. 4:15-CV-27-FL, 2016 WL 626493, at *5-6 (E.D.N.C. Jan. 26, 2016) (adopted 2016 WL 617431) (E.D.N.C. Feb. 16, 2016)). Campbell, 2015 WL 8484457, at * 3-4; Ash, 2014 WL 1806771, *8-11. The boilerplate language in a decision stating the claimant's birthday, the claimant's age when he or she filed the application, and a citation to 20 C.F.R. § 416.963 is insufficient to satisfy the ALJ's requirement to consider a borderline

age category.  Brown, 2014 WL165875, at *3-4; Mitchell, 2011 WL 5037134, at *2-3; but see Williford v. Colvin, Civil Action No. 1:14-CV-254-GCM-DCK, 2015 WL 7730978, at *5 (W.D.N.C. Oct. 28, 2015) (Keesler, Mag. J.) (adopted 2015 WL 7739957 (W.D.N.C. Nov. 30, 2015) (Mullen, J.)); Horton v. Colvin, No. 3:13cv304, 2014 WL 1315024 (W.D.N.C. Cogburn, J.).

The Court agrees with those courts that have held that an ALJ must, at a minimum, acknowledge a claimant's borderline age category and provide this Court with sufficient reasoning to conduct meaningful review.  Here, it is not clear from the ALJ's decision whether the ALJ even recognized Plaintiff's borderline age category at the time of the decision, much less whether she considered applying the older age category.  And the boilerplate language in the ALJ's decision that the Commissioner relies upon is insufficient to satisfies the ALJ's obligation to address a claimant's borderline age in a manner that would allow this Court to conduct meaningful review of the ALJ's decision.  As the Eighth Circuit explained in Phillips:

> To this end, we agree with the Commissioner that detailed findings in borderline situations are not necessary. However, it is this court's job to review whether substantial evidence exists to support the Commissioner's decision, and we simply cannot complete this review without some showing as to the Commissioner's consideration of applying the higher age category, which he indisputably is required to do.

671 F.3d at 706.  While the ALJ need not engage in an exhaustive legal discussion as why she applied one age category over another, the record must, at a minimum, reflect that the ALJ recognized the Plaintiff's borderline age and, that the ALJ considered applying the older age category.  The record is devoid of this information in this case.

Moreover, the Court's holding in this case is consistent with the recent decisions of the Fourth Circuit in other context where the Fourth Circuit has repeatedly demanded that ALJs explain how they reached a decision in order to enable the courts to conduct meaningful review without having to fill in the blanks for the ALJ in first instance.  See, e.g., Patterson v. Comm'r Soc. Sec. Admin., 846 F.3d 656, 662-63 (4th Cir. 2017); Monroe v. Colvin, 826 F.3d 176, 189-90 (4th Cir. 2016); Mascio, 780 F.3d at 637; Fox v. Colvin, 632 F. App'x 750, 755-56 (4th Cir. 2015).  As the Fourth Circuit recent stated in Patterson:

> Instead, the dispute here arises from a problem that has become all too common among administrative decisions challenged in this court—a problem decision makers could avoid by following the admonition they have no doubt heard since their grade-school math classes: Show your work. The ALJ did not do so here, and this error rendered his decision unreviewable.

846 F.3d at 663.  Because the record is devoid of any evidence that the ALJ recognized Plaintiff's borderline age category or considered whether to apply the approaching advanced age category to Plaintiff, remand is required in this case.

-12-

An ALJ must do more than what was done in this case to allow this Court to conduct meaningful review of the decision. Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** Plaintiff's motion and **REMAND** this case.[3]

## VI. Conclusion

The Court **RECOMMENDS** that the District Court **DENY** the Motion for Summary Judgment [# 11], **GRANT** the Motion for Summary Judgement [# 9], and **REMAND** this case.

Signed: April 4, 2017

Dennis L. Howell
United States Magistrate Judge

---

3 If the District Court rejects this Memorandum and Recommendation as to the issue of Plaintiff's borderline age category, then remand would not be required in this case because the record demonstrates that the ALJ properly considered Plaintiff's ability to lift. The ALJ recognized Plaintiff's contention that she had problems lifting (T. 26), but she gave significant weight to the opinions of several physicians who addressed Plaintiff's ability to lift /carry (T. 29-30). For the reasons stated by the Commissioner in her Motion for Summary Judgment, the ALJ properly considered Plaintiff's ability to lift in fashioning Plaintiff's RFC.

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).