UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-cv-00161-MOC-DLH

| | | |
|---|---|---|
| **LISA L. ARNETT,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER AFFIRMING |
| | ) | RECOMMENDATION and |
| | ) | REMANDING CASE TO |
| | ) | COMMISSIONER |
| | ) | |
| **NANCY A. BERRYHILL,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on review of a Memorandum and
Recommendation issued in this matter.  In the Memorandum and Recommendation, the
magistrate judge advised the parties of the right to file objections within 14 days, all in
accordance with 28, United States Code, Section 636(b)(1)(c).  Objections have been filed
within the time allowed.

### I.    Applicable Standard

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court
shall make a *de novo* determination of those portions of the report or specific proposed
findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby
v. Davis, 718 F.2d 198, 200 (4th Cir.1983).  However, "when objections to strictly legal
issues are raised and no factual issues are challenged, *de novo* review of the record may be
dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982).  Similarly, *de novo*
review is not required by the statute "when a party makes general or conclusory objections

that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the magistrate judge's recommendation.

## II.    Discussion

The Court has given careful consideration to each Objection and conducted a *de novo* review as warranted. First, the Commissioner objects to Judge Howell's conclusion that the ALJ erred when he failed to explicitly address the plaintiff's "borderline age situation" existing at the time the ALJ decided plaintiff's claim. She points to the split in decisions among the circuits (which was acknowledged by Judge Howell), relies heavily on a Sixth Circuit decision, and points most recently to a 2014 decision of the undersigned (Horton) among others in support of her objection. This Court is not, however, bound by any of those decisions and will not be bound until the Fourth Circuit or United States Supreme Court provides direction. Indeed, this Court takes the position that each case is unique and that hard and fast rules can at times be at odds with provision of substantial justice. In Horton, it was clear to this Court that the ALJ recognized the borderline age situation, making any error harmless. Here, plaintiff provides the Court with some real concern that a similar error may well not be harmless as she suffered from an additional vocational adversity as she neared that threshold, which was no past relevant work. By only discussing the plaintiff's age at onset in this particular case, the ALJ's decision does

not provide the Court with clear evidence that her borderline age was considered and more importantly whether the ALJ considered applying that older age category. Thus, the fact pattern more closely mirrors cases in this district (<u>Brown</u> and <u>Mitchell)</u> where it was determined to be error for the ALJ not to discuss borderline age.

Next, the magistrate judge's recommendation is fully consistent with the developing Fourth Circuit case law that post-dates the undersigned's 2014 decision in <u>Horton</u>. In <u>Mascio</u>, <u>Monroe</u>, and more recently <u>Patterson</u> the appellate courts have made it abundantly clear that it is not up to courts to go searching through the administrative record for evidence that would support the ALJ's decision; rather, it is the duty of the ALJ to "show his or her work" in reaching a decision so that courts can engage in meaningful review. Judge Howell clearly understood the implications of <u>Mascio</u> and its progeny in formulating his recommendation.

Again, the facts of this particular case make it abundantly clear that during the three years it took to get this case from claim to a decision of an ALJ, plaintiff crossed from being a "younger individual" to a person only months from being an "individual approaching advanced age." With her added vocational adversity of no past relevant work, the ALJ should have at a minimum acknowledged that situation and then either analyzed the claim as if she was in that more restrictive age category or discussed why her claim should not be considered in that category. As it now stands, the Court is left to speculate as to why that analysis was not done and what impact[1] such analysis would have had on

---

[1]   The Commissioner conceded in her briefing that had the closely approaching advanced age had been applied, the grids would have directed a finding of disability.

this particular claim where plaintiff had the added adversity of no past relevant work. The Court does, however, make it clear that no hard-and-fast rule is mandated here as the facts specific to this case point to a need for the ALJ to have discussed the borderline age situation of this plaintiff.  After such careful review, the Court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law.  Further, the factual background and recitation of issues is supported by the applicable pleadings.  Based on such determinations, the Court will overrule defendant's objections and fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.                                            \*\*\*

The Court notes and commends the professional and concise manner in which all counsel have handled the Objection and Response process.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Commissioner's Objections (#14) are **OVERRULED**, Memorandum and Recommendation (#13) is **AFFIRMED,** plaintiff's Motion for Summary Judgment (#9) is **GRANTED**, the Commissioner's Motion for Summary Judgment (#11) is **DENIED**, and this matter is **REMANDED** to the Commissioner for further administrative proceedings not inconsistent with Judge Howell's Recommendation and this Order.

Signed: April 27, 2017

Max O. Cogburn Jr
United States District Judge

4